```
                UNITED STATES DISTRICT COURT
                  DISTRICT OF MASSACHUSETTS
```

JORGE F. MARTINEZ,
      Petitioner,

      v.                              CIVIL ACTION NO.
                                    17-11216-MBB

WARDEN JEFFREY GRONDOLSKY,
      Respondent.

**MEMORANDUM AND ORDER RE:
GOVERNMENT'S MOTION TO DISMISS OR IN
THE ALTERNATIVE TO DENY (DOCKET ENTRY # 7)**

**January 9, 2018**

**BOWLER, U.S.M.J.**

    Petitioner Jorge F. Martinez ("petitioner"), a prisoner at the Federal Medical Center in Ayer, Massachusetts ("FMC Devens"), filed this petition under 28 U.S.C. § 2241 ("section 2241") challenging the use of two state court convictions as predicate offenses for a career offender sentencing enhancement under § 4B1.1 of the United States Sentencing Guidelines for controlled substance convictions in <u>United States v. Fernandez Martinez</u>, 8:06-CR-466-T (M.D. Fla. Aug. 9, 2007) (sentence and judgment imposed).  The Eleventh Circuit affirmed the convictions on direct appeal.  <u>See</u> <u>United States v. Fernandez Martinez</u>, 2009 WL 524731, at *10 (11th Cir. Mar. 3, 2009) (unpublished). Petitioner filed a prior, unsuccessful motion to vacate the

sentence on the basis of ineffective assistance of counsel under 28 U.S.C. § 2255 ("section 2255").  See Martinez v. United States, 8:10-CV-1735-T, 2011 WL 4502073, at *9 (M.D. Fla. Sept. 28, 2011).  He also filed an application for leave to file two petitions for leave to file second and successive section 2255 motions on unrelated issues pursuant to 28 U.S.C. §§ 2255(h) and 2244(b)(3)(A) which were denied.  Martinez v. United States, 8:06-CR-466-T (M.D. Fla.) (Docket Entry ## 149, 151).  The present petition filed under section 2241 asserts that section 2255 provides an inadequate and ineffective remedy thereby warranting resort to section 2241 as permitted under section 2255's savings clause.  See 28 U.S.C. § 2255(e).  As stated in the petition, petitioner "invokes the Savings Clause Provision to obtain relief based on the substantive change in law by the Supreme Court in Mathis v. United States, 136 S. Ct. 2243 (2016); Descamps v. United States, 133 S. Ct. 2276, 2281 (2013); and Begay v. United States, 128 S. Ct. 158 (2008)."  (Docket Entry # 1, p. 4).

The government moves to dismiss the petition on two grounds. First, the government argues that this court lacks jurisdiction because the section 2241 petition attacks the validity of his Florida sentence and must be brought under section 2255 in the Middle District of Florida.  (Docket Entry # 7).  Second, the government submits that Beckles v. United States, 137 S. Ct. 886,

895 (2017), forecloses petitioner's argument that his prior state court convictions pursuant to 28 U.S.C. § 1915 A(a) cannot serve as predicate offenses. (Docket Entry # 7).

On November 21, 2017, this court ordered the parties to file supplemental briefing with respect to this court's jurisdiction. The parties responded with supplemental briefing on December 5, 2017. The government's motion (Docket Entry # 7) is therefore ripe for review.

## DISCUSSION

A federal prisoner may not challenge the legality of his sentence through a writ of habeas corpus under section 2241 unless, under section 2255(e), often referred to as the "savings clause," the procedure under a section 2255 motion is "inadequate or ineffective to test the legality of his detention." 28 U.S.C. § 2255(e). Recourse to the savings clause is permitted only "in rare and exceptional circumstances," such as those where the restrictions on section 2255 motions would result in a "'complete miscarriage of justice.'" Trenkler v. United States, 536 F.3d 85, 99 (1st Cir. 2008) (internal citation omitted). "Most courts have required a credible allegation of actual innocence to access the savings clause." Id. Petitioner's inability to meet the procedural requirements to bring a second or successive petition under section 2255(h) alone does not provide access to the savings clause. See United States v. Barrett, 178 F.3d 34, 50

3

(1st Cir. 1999).  Indeed, "post-conviction relief can be termed 'inadequate' or 'ineffective' only when, in a particular case, the configuration of section 2255 is such 'as to deny a convicted defendant any opportunity for judicial rectification.'"  Trenkler v. United States, 536 F.3d at 99 (citations omitted).

The petitioner in Henderson v. Grondolosky, No. 16-12459-DJC, 2017 WL 4038392 (D. Mass. Sept. 12, 2017) ("Henderson"), claimed, similar to petitioner, that his two underlying controlled-substance convictions that triggered the career offender sentencing enhancement under the United States Sentencing Guidelines no longer applied because of the Supreme Court's holding in Mathis v. United States, 136 S. Ct. 2243 (2016).  The court in Henderson held that such claims did not meet the savings clause requirement.  Henderson v. Grondolosky, 2017 WL 4038392, at *2-4.  As explained in Henderson, "when considering career offender designation under U.S.S.G. § 4B1.1, other circuits have found that absent an additional exceptional circumstance, such as vacatur of a predicate conviction, post-conviction change in the law affecting the sentencing court's determination of the guidelines range does not rise to a complete miscarriage of justice."  Henderson v. Grondolosky, 2017 WL 4038392, at *3.  Relying on Cuevas v. United States, 778 F.3d 267, 271 (1st Cir. 2015), the court in Henderson held that, absent any exceptional circumstances, it had no jurisdiction over

4

a section 2241 petition making a free-standing "'Guidelines-misapplication claim.'" Id. Petitioner's claim fails for the same reason: that is, he brings a "'Guidelines-misapplication claim'" to which the savings clause is inapplicable in the absence of any exceptional circumstances. Henderson v. Grondolosky, 2017 WL 4038392, at *3-4.

Petitioner's reliance on that court's acknowledgment (notably after finding it had no jurisdiction) that Henderson had an opportunity to bring some form of his argument in a section 2255 petition is a distinction without a substantive difference. That is, this court has no jurisdiction over this type of claim because there is no credible allegation of actual innocence, and there are no exceptional circumstances that rise to a miscarriage of justice to invoke the savings clause, such as the vacatur of the underlying predicate convictions that qualified him as a career offender under the Guidelines. Accordingly, petitioner may not access the savings clause and this court lacks jurisdiction to adjudicate the section 2241 petition.

In addition, the petition attacks the validity of his sentence and career offender sentencing enhancement, as stated by the government (Docket Entry # 7, pp. 3-4). The petition therefore constitutes a second and successive petition which must be filed in "the appropriate court of appeals," 28 U.S.C. § 2255(h), as opposed to this court. See id. at *2 (construing

similar petition as attacking validity of sentence as opposed to execution of sentence, the latter being subject to section 2241).

## CONCLUSION

For the foregoing reasons, the section 2241 petition (Docket Entry # 1) is **DENIED** for lack of jurisdiction under Henderson. Respondent's motion to dismiss (Docket Entry # 7) is **ALLOWED** insofar as it seeks to dismiss the petition for lack of jurisdiction; and otherwise **DENIED** as moot. Nothing in this Order should be construed to limit petitioner from filing a motion for a second or successive petition in the Eleventh Circuit.

/s/ Marianne B. Bowler
**MARIANNE B. BOWLER**
United States Magistrate Judge